UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN,  )<br>  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FEDERAL BUREAU  )<br>OF INVESTIGATION,  )<br>  )<br>      Defendant.  ) | Civil Action No. 1:22-cv-03301 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Here, Plaintiff has filed a complaint against the Federal Bureau of Investigation, alleging that he "was tortured by the Central Intelligence Agency (CIA) for three years as a part of an illegal mind-control program," that he then "reported the illegal activities being conducted by the CIA, to the Federal Bureau of Investigation (FBI), multiple times over the past three years," and the "FBI refused to investigate any of the Plaintiff's complaints and, as a result, the Plaintiff continued to be tortured by the CIA." He demands that this court

"order the FBI to investigate the tips he submitted to them, reg[arding] the CIA's mind-control program."

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Second, assuming *arguendo* that Plaintiff's claims bore any merit, he cites only to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, which "does *not* create a private right of action by which an [alleged] victim can initiate a freestanding lawsuit, wholly unconnected to any preexisting criminal prosecution and untethered to any proceeding that came before it," or in other words, "outside the confines of an existing [criminal] proceeding." *Cannon v. Parker*, No. 21-2469, 2021 WL 5310485, at *3 (D.D.C. Nov. 15, 2021) (emphasis in original) (internal quotation marks omitted) (quoting *In re Wild*, 994 F.3d 1244, 1256–57 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 1188 (2022)). Additionally, this court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F.

Supp. 28, 30 (D.D.C. 1990) (citing cases).  The decision of whether or not to prosecute, and for what offense, rests with the prosecution.  *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012).  Nor may a plaintiff compel a criminal investigation by any law enforcement agency by filing a civil complaint.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Consequently, for all of the reasons stated above, the complaint is dismissed.  A separate order accompanies this memorandum opinion.

DATE: November 17, 2022                  \_\_\_\_/s/_____
                                                               JAMES E. BOASBERG
                                                               United States District Judge